IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO CHAVARRIA,

    Plaintiff,

v.                                        No. 1:23-cv-00566

VELIA ONTIVEROS and AMC
BUS, INC. a/k/a AMERICAN MOTOR
COACH, INC. d/b/a LOS LIMOUSINES,
d/b/a LIMOUSINE EXPRESS, d/b/a
EL PASO – LOS ANGELES LIMOUSINE
EXPRESS,

    Defendants.

### DEFENDANT AMC BUS, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant AMC Bus, Inc. ("Defendant") by and through its counsel of record, Riley | Keller | Alderete | Gonzales (Mark J. Riley and Drew A. Larkin), hereby provides its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint for Personal Injury and Damages ("Complaint" filed on May 30, 2023) as follows:

### Jurisdiction and Venue

1.    Responding to the allegations of paragraph 1, Defendant states that based on the allegations set forth in the Complaint, the subject matter of this lawsuit is a motor vehicle collision that occurred in Mora County, New Mexico. Defendants deny any implicit allegation of harm or wrongdoing suffered by Plaintiffs.

2.    Defendant denies the allegations of paragraph 2.

3.    Defendant denies the allegations of paragraph 3.

4.    Defendant denies the allegations of paragraph 4.

**Parties**

5.      This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 5, and therefore denies those allegations.

6.      Defendant admits that Velia Ontiveros is a resident of the State of Texas.

7.      Responding to the allegations of paragraph 7, this Defendant admits that it is a California corporation with its principal place of business in San Diego, California, conducting business in the State of New Mexico.

**Statement of Facts**

8.      This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore denies those allegations.

9.      Responding to the allegations of paragraph 9, this Defendant admits that Velia Ontiveros was operating a 2020 Volvo passenger bus owned by this Defendant on or about June 17, 2021.  This Defendant denies any implicit allegation of harm or wrongdoing suffered by Plaintiff.

10.     This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 10, and therefore denies those allegations.

11.     This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 11, and therefore denies those allegations.

12.     This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 12, and therefore denies those allegations.

13.     This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 13, and therefore denies those allegations.

14. This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 14, and therefore denies those allegations.

15. This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 15, and therefore denies those allegations.

16. This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 16, and therefore denies those allegations.

**Count I: Negligence and Negligence Per Se (Defendant Ontiveros)**

17. Responding to the allegations of paragraph 20, this Defendant incorporates its responses to paragraphs 1 – 16 as fully set forth herein.

18. This Defendant denies the allegations of paragraph 18. This Defendant extends its denial to subparts (a) through (e).

19. Responding to the allegations of paragraph 19, this Defendant admits that there are certain duties imposed on drivers in the State of New Mexico and denies any allegation inconsistent with the current and correct expression of such duties. This Defendant denies that any duties were breached. This Defendant extends its response and denial to subparts (a) through (d).

20. This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 20, and therefore denies those allegations.

21. Responding to the allegations of paragraph 21, this Defendant admits that there are certain duties imposed on drivers in the State of New Mexico and denies any allegation inconsistent with the current and correct expression of such duties. This Defendant denies that any duties were breached.

22. This Defendant denies the allegations of paragraph 22.

## Count II: Negligent Hiring, Training, and Retention (Defendant AMC)

23. Responding to the allegations of paragraph 23, this Defendant incorporates its responses to paragraphs 1 – 22 as fully set forth herein.

24. This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 24, and therefore denies those allegations.

25. Responding to the allegations of paragraph 25, this Defendant admits that there are certain duties imposed on employers in the State of New Mexico and denies any allegation inconsistent with the current and correct expression of such duties. This Defendant denies that any duties were breached.

26. This Defendant denies the allegations of paragraph 26.

27. This Defendant denies the allegations of paragraph 27.

28. This Defendant denies the allegations of paragraph 28.

29. This Defendant denies the allegations of paragraph 29.

30. This Defendant denies the allegations of paragraph 30.

31. This Defendant denies the allegations of paragraph 31.

## Count III: Respondeat Superior (Defendant AMC)

32. Responding to the allegations of paragraph 32, this Defendant incorporates its responses to paragraphs 1 – 31 as fully set forth herein.

33. This Defendant denies the allegations of paragraph 33.

34. This Defendant denies the allegations of paragraph 34.

35. This Defendant is without sufficient information at this time to form a belief as to the truth or falsity of the allegations of paragraph 35, and therefore denies those allegations.

36.     Responding to the allegations of paragraph 36, this Defendant admits that there are certain duties imposed on employers in the State of New Mexico and denies any allegation inconsistent with the current and correct expression of such duties. This Defendant denies that any duties were breached.

37.     This Defendant denies the allegations of paragraph 37.

## Count IV: Punitive Damages (Defendants Ontiveros and AMC)

38.     Responding to the allegations of paragraph 38, this Defendant incorporates its responses to paragraphs 1 – 37 as fully set forth herein.

39.     This Defendant denies the allegations of paragraph 39.

## Relief Requested

This Defendant denies that Plaintiff is entitled to any of the relief requested in this section of his Complaint.

## GENERAL DENIAL

Any allegation in Plaintiff's Complaint that has not been specifically admitted herein by this Defendant is hereby denied.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted against this Defendant and should, therefore, be dismissed with prejudice.

2.     Plaintiff's claims are barred or should be reduced insofar as this Defendant did not cause any damage or injury to Plaintiff.

3.     Plaintiff's claims are barred or should be reduced to the extent that Plaintiff have failed to mitigate his damages.

4.  Plaintiff's claims are barred or should be reduced insofar as this Defendant breached no duty owed to Plaintiff.

5.  Plaintiff's claims are barred or should be reduced under the doctrines of independent intervening or supervening cause.

6.  Plaintiff's claims are barred or reduced insofar as the injured parties failed to exercise ordinary care for their own safety.

7.  Plaintiff's claims are barred or should be reduced insofar as the claimed damages were caused by the acts/omissions of any individual or entity other than this Defendant.

8.  Plaintiff's claims are barred under the doctrines of waiver, estoppel, and unclean hands.

9.  Plaintiff's claims are barred or should be reduced under the doctrine of comparative fault, and the fault of this Defendant, which is expressly denied, must be compared with the fault of all others, including Plaintiff, whose acts or omissions were a proximate cause of any injury.

10. Pending discovery, Plaintiff's claims are barred in whole or in part based on his failure to add a necessary and indispensable party to the above-captioned lawsuit.

11. The proximate cause of Plaintiff's damages was acts of individuals not under the direction, control, and supervision of this Defendant, and without knowledge on the part of this Defendant, and were not the result of actions and omissions by this Defendant.

12. The damages claimed by the Plaintiff are barred and should be reduced under the Several Liability Act, NMSA 1978, §§ 41-3A-1 et seq., and New Mexico case law regarding joint and several liability, contribution, and the abolishment of said remedies in New Mexico.

13. Joint and Several Liability does not apply and cannot be imposed upon this Defendant under New Mexico law.

14. Plaintiff's claims are barred because Plaintiff had a duty to keep a proper lookout so as to avoid placing himself in danger and to prevent an accident.

15. Plaintiff's claims are barred in whole or in part because Plaintiff had a duty to lawfully operate a motor vehicle and trailer, which he failed to do.

16. Plaintiff's claim for an award of punitive or exemplary damages is barred by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and by Article II, § 18 of the Constitution of the State of New Mexico, and an award of punitive or exemplary damages, in this case, would constitute a denial of equal protection, a denial of the due process clause, and imposition of an excessive fine.

17. Plaintiff has failed to plead, cannot plead, and cannot prove the predicate facts necessary to state a claim for an award of punitive or exemplary damages.

18. Plaintiff's claims for attorneys' fees should be barred based on the American Rule and/or the non-existence of any applicable fee shifting statute or contractual agreement.

19. Plaintiff's claims are barred in whole or in party insofar as Plaintiff assumed a risk.

20. Plaintiff's claims are barred insofar as Plaintiff has failed to preserve and adequately safeguard relevant evidence.

## JURY DEMAND

This Defendant requests a jury of twelve (12) persons as to all claims properly tried to a jury.

## RESERVATIONS

This Defendant does not know which, if any, additional affirmative defenses may apply. This Defendant has not knowingly or intentionally waived any affirmative defenses.

This Defendant specifically reserves all rights, remedies, and defenses pertaining to venue, including prospective measures to achieve a change in venue based on evidence that this Defendant

cannot receive a fair trial in this venue, would be unduly prejudiced by Plaintiff's choice of venue, and venue is otherwise improper. It is not the intention of this Defendant to waive any such rights, remedies, or defenses pertaining to venue by the filing of this Answer.

This Defendant reserves the right to amend and/or supplement this Answer and further reserves the right to assert any claim, crossclaim, counter-claim, third-party complaint, and defense they may have as a matter of law based upon further investigation and discovery that will be conducted in this case.

WHEREFORE, having answered the allegations of the Complaint, Defendant AMC Bus, Inc., respectfully requests that the Court dismiss the Complaint and all claims asserted therein with prejudice, or in the alternative, enter Judgment in favor of this Defendant, award this Defendant its costs incurred in this matter as appropriate, and grant to this Defendant such further relief as the Court deems just, proper and equitable.

Respectfully submitted,

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Drew A. Larkin*  
    **MARK J. RILEY**  
    **DREW A. LARKIN**  
    3880 Osuna Road NE  
    Albuquerque, NM 87109  
    (505) 883-5050  
    mriley@rileynmlaw.com  
    dlarkin@rileynmlaw.com  
    *Attorneys for Defendant AMC Bus, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 7, 2023, a copy of the foregoing was electronically filed through the CM/ECF system, which caused participating CM/ECF counsel to be served with same by electronic means, and it was emailed on this date to the following counsel of record:

Erika E. Anderson
Law Offices of Erika E. Anderson
105 Bryn Mawr Dr. SE
Albuquerque, NM 87106
(505) 944-9039
erika@eandersonlaw.com


By: */s/ Drew A. Larkin*